*460
 
 Battle, J.
 

 It has long been a settled rule that a deed executed by a sheriff for land, sold by him under execution, relates to the time of the sale, and operates from that time against any subsequent transfer, whether made by the party himself or by the sheriff under an execution of a later teste against the party;
 
 Dobson
 
 v.
 
 Murphy,
 
 1 Dev. and Bat. Rep.
 
 586; Festerman
 
 v.
 
 Poe,
 
 2 Dev. and Bat. Rep. 103. It cannot, indeed, so operate as to support an action of ejectment, or of trespass
 
 quare clausum fregit
 
 commenced before the purchaser, who is not in possession, was taken his deed from the sheriff;
 
 Davis
 
 v.
 
 Evans,
 
 5 Ire. Rep. 525;
 
 Presnell
 
 v. Ramsour, 8 Ire. Rep. 505. But where the purchaser, under execution, takes possession immediately after the sale, we can perceive no reason why the sheriff’s deed, afterwards made to him, should .not relate to the time of the sale, so as to annex the title to his possession from the time as against any transfer subsequent to such sale.
 

 Seeing the strength of this position, the lessor of the plaintiff has sought to assail it, bj' contending that Hamlet, to whose rights under the contract of purchase from Simpkins he suceeded, acquired the possession of the land as a lessee by a parol agreement with the latter, until the time when the last bond, for the purchase-money, should be paid, which possession he had the right to regain from the defendant in the present action. To this, the counsel for the defendant, makes the unanswerable reply, that whatever may have been the equitable rights of Hamlet, or of the plaintiff’s lessor as his assignee, each was, in law, but the tenant at will of the vendor, Simpkins, and as such, could not maintain ejectment against bimor against the present defendant, who became invested with all his legal rights by his purchase under an execution against him;
 
 Love
 
 v.
 
 Gates,
 
 1 Ire. Rep. 152. The idea that Hamlet, by parol agreement with Simpkins, became more than a tenant at will, to wit, a tenant for five years from 1855, when his contract of purchase was made, until 1860, when the last bond of the purchase-money became due, cansaot prevail, because such contract, if made, was void and of
 
 *461
 
 no effect, under the statute of frauds, Bevised Code, chapter 50, section 11.
 

 Concurring in the opinion given by his Honor in the Court below, that the action cannot be maintained, we must direct-the j udgment of nonsuit to be affirmed.
 

 Pee CueiaM,
 

 Judgment affirmed.